FILED

March 15, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003349176

1 | JaVonne M. Phillips, Esq., SBN 187474
Christelle N. Ramseyer, Esq., SBN 265571
2 | **McCarthy & Holthus, LLP**
1770 Fourth Avenue
3 | San Diego, CA 92101
Phone (619) 685-4800 Ext. 2074
4 | Fax (619) 685-4810

5 | Attorney for: Secured Creditor,
6 | BankUnited, its assignees and/or successors

7

8 | UNITED STATES BANKRUPTCY COURT

8 | EASTERN DISTRICT OF CALIFORNIA

9 | FRESNO DIVISION

10

11 | In re:                                ) Case No.  10-64149
                                       )
12 |                                       ) DC No.:  CNR-1
   | Delbert Eugene Kenney,                )
13 | Luella Lila Tetz-Kenney,              )
                                       ) Chapter   7
14 |                                       )
   |              Debtors.                 )
15 | _____       )
                                       ) **MOTION FOR RELIEF FROM**
16 | BankUnited, its assignees and/or      ) **AUTOMATIC STAY**
17 | successors,                           )
                                       )
18 |              Secured Creditor,        )
19 |     v.                                ) Date:   04/22/2011
                                       ) Time:   1:30 PM
20 | Delbert Eugene Kenney, Luella Lila     ) Ctrm:   Courtroom 11, Floor:  Fifth
21 | Tetz-Kenney, Debtors; and James        ) Place:  2500 Tulare Street
22 | Edward Salven, Chapter 7 Trustee,      )         Fresno, CA
                                       )
23 |                                       ) Judge:  Whitney Rimel
24 |              Respondents.             )
                                       )
25 |                                       )
                                       )
26 | _____       )

27 |     BankUnited in interest ("Secured Creditor" or "Movant" herein), moves this Court for

28 | an Order Terminating the Automatic Stay of 11 U.S.C. § 362  as to moving party (and the

29 | Trustee under the Deed of Trust securing moving party's claim) so that moving party and its

Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtors property, commonly known as 3929 Pinecrest Drive, Mariposa, CA 95338, ("Property" herein). **See Exhibit "1"**.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

The current value of the Debtors' subject Property is $190,000.00, based upon the Debtors' own value as set forth in Schedule A. Movant requests the court to take judicial notice of the Debtors' Schedules. **See Exhibit "3"**.

In the present case, the Debtors have no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 190,000.00 |
| Total Liens to Secured Creditor | $ | 249,044.64 |
| Equity | $ | (59,044.64) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourteen day described by Bankruptcy Rule 4001(a)(3) be waived.

3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

4. For such other relief as the Court deems proper.

5. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

6. Furthermore, Movant may contact the Debtor to comply with California Civil Code Section 2923.5.

Dated: March 15, 2011                    McCarthy & Holthus, LLP


By:  /s/ Christelle N. Ramseyer
     Christelle N. Ramseyer, Esq.
     Attorney for Secured Creditor
     BankUnited, its assignees and/or successors